## GWALTER *v.* NEW YORK SEAL PLUSH & TAPESTRY CO.

*(Supreme Court, General Term, First Department.  May 13, 1892.)*

ATTACHMENT—MOTION TO VACATE—WHEN GRANTED.
  A motion to vacate an attachment will be denied where, in answer to the moving affidavits, showing that the goods were sold on a credit that had not expired at the time of bringing suit, plaintiff offers affidavits charging and tending to prove fraud in the original sale.

Appeal from special term, New York county.

Action by Henry L. Gwalter against the New York Seal Plush & Tapestry Company.  From an order denying a motion to vacate an attchment, defendant appeals.  Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

*D. D. Sherman,* for appellant.  *Putney & Bishop,* (*J. L. Bishop,* of counsel,) for respondent.

PER CURIAM.  The attachment was properly granted upon an affidavit disclosing a sufficient cause of action for goods sold and delivered, and showing that the defendant is a foreign corporation.  The motion to vacate was based upon affidavits tending to show that the goods were sold upon a credit which had not expired at the time of the commencement of the action.  The plaintiff met these affidavits by affidavits charging and tending to prove fraud in the original sale.  It seems to us quite clear that the question of fact thus presented was properly remitted to the trial of the action, and that the court correctly decided that the attachment should not be disturbed.  The defendant is in error in supposing that it was necessary for the plaintiff to set forth in his affidavit, or even in his complaint, the credit in question, and to allege, as a basis for rescission, fraud in the original contract of sale.  It is well settled in this state that the plaintiff, under such circumstances, may rescind the credit, and sue at once for the value of the goods, leaving the question of fraud to be determined upon the trial, should the defendant set up the credit in his answer.  If the credit be thus set up, the plaintiff, upon the trial, may properly rest upon proof of the sale and delivery of the goods.  The defendant may then prove an unexpired credit, and at that stage the plaintiff, by way of rebuttal, may prove the fraud.  The affidavits read in opposition to the present motion make out a case of fraud amply sufficient to warrant the presentation of that question to a jury.  It is quite clear that what may thus properly be presented at the trial and there submitted for the determination of a jury should not now be ignored, nor should the verdict of the jury thereon be forestalled upon a mere preliminary motion of this character.  The order appealed from should be affirmed, with $10 costs and disbursements.